UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOANNE ANTROBUS,

                              *Plaintiff*,

          – against –

THE TJX COMPANIES, INC., *d/b/a*
*T.J. Maxx*, and SCHINDLER ELEVATOR
CORPORATION,

                              *Defendants.*

**MEMORANDUM & ORDER**
24-cv-00162 (NCM) (MMH)

**NATASHA C. MERLE**, United States District Judge:

Plaintiff Joanne Antrobus filed this personal injury action against named defendants The TJX Companies, Inc. ("T.J. Maxx") and Schindler Elevator Corporation ("Schindler") (together, "defendants") in the Supreme Court of the State of New York, Kings County, on October 25, 2023. Summons & Compl., ECF No. 1-1. On January 9, 2024, defendant Schindler filed a notice pursuant to 28 U.S.C. § 1446 seeking to remove this case to this Court pursuant to its diversity jurisdiction. Notice of Removal, ECF No. 1 (or "Notice"). For the reasons set forth below, I find that defendants have met their burden of establishing that this Court has subject matter jurisdiction, particularly that they have sufficiently demonstrated that the amount in controversy exceeds $75,000.

## BACKGROUND

Plaintiff, a New York resident, commenced this action against defendants after she allegedly "tripped and/or slipped and fell" while using an escalator owned, installed, and serviced by defendant Schindler located at defendant T.J. Maxx's premises in November 2020. Notice at 2; Compl. ¶¶ 32–44, 47–55.  Plaintiff alleges that she sustained severe

physical injuries and was rendered disabled; sustained nervous shock and mental anguish; and will suffer permanent injury and inconvenience as a result of both the defective state of the escalator, as well as defendants' failure to train and supervise their employees. Compl. ¶¶ 47–66.

Defendant Schindler received service of the Complaint on or about December 18, 2023. Notice at 2. On January 9, 2024, 21 days later, defendant Schindler filed its Notice pursuant to 28 U.S.C. § 1446 seeking to remove the case to federal court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Notice at 1, 6. On March 12, 2024, Magistrate Judge Henry ordered Schindler to show cause (the "Order to Show Cause") why the case should not be dismissed for lack of subject matter jurisdiction and directed Schindler to address (1) when it first received written indication that the amount in controversy exceeded $75,000, and (2) if it did not, what "facts and legal authority" support the proposition that the allegations in the Complaint establish the amount in controversy. Mar. 12 Minute Entry, ECF No. 14.[1] In response, Schindler submitted a letter arguing that it had established diversity jurisdiction, and plaintiff responded in opposition.

By the time of Judge Henry's Order to Show Cause, the parties had already exchanged some initial discovery. Notably, thirteen days prior, plaintiff shared a Rule 26 Initial Disclosure (the "First Disclosure") alleging that she "reasonably believes her damages for pain and suffering totals $1,000,000." *See* Def.'s Removal Ltr. 2, ECF No.

---

[1]     On the same date, Judge Henry ordered defendant T.J. Maxx to file a letter by March 19, 2024, addressing the same prompts. *See* Mar. 12 Minute Entry. It did not do so, nor has it expressed its position regarding removal elsewhere on the docket.

15.[2] Subsequently, eight days after Judge Henry issued the Order to Show Cause, plaintiff served defendants with an "Amended Rule 26 Initial Disclosure" (the "Second Disclosure") "based on receipt of further medical records and a conversation" between plaintiff and her lawyers. *See* Pl.'s Removal Ltr. 2, ECF No. 16. The Second Disclosure "remove[d] any mention of a specific amount of monetary damages sought." Pl.'s Removal Ltr. 2. Plaintiff also informed the Court that she "authorized [her counsel's] office to extend an initial settlement demand of $50,000.00" Pl.'s Removal Ltr. 2.

## LEGAL STANDARD

Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between "citizens of different [s]tates." 28 U.S.C. § 1332. Disputed here is the amount in controversy requirement for diversity jurisdiction.[3] A defendant may remove from state to federal court any civil action over which the federal court has original jurisdiction, 28 U.S.C. § 1441(a), within 30 days of receiving the initial pleading *or* "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable," 28 U.S.C. § 1446(b). However, lack of subject matter jurisdiction is "not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).[4] Accordingly, "[d]istrict

---

[2]     Where necessary, page numbers for the Complaint, Notice, and parties' letters refer to the page numbers assigned in ECF filing headers.

[3]     Neither plaintiff nor Schindler disputes that there is complete diversity of citizenship. Notice at 3–4; *see also generally* Def.'s Removal Ltr.; Pl.'s Removal Ltr.

[4]     Throughout this Opinion, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

courts must police subject matter jurisdiction on their own initiative." *Shakour v. Fed. Republic of Ger.*, 199 F. Supp. 2d 8, 12 (E.D.N.Y. 2002).

It is well-settled that the party asserting federal jurisdiction "bears the burden of establishing jurisdiction," which it must do "by a preponderance of evidence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *Blockbuster, Inc. v. Galeno,* 472 F.3d 53, 57 (2d Cir. 2006)). Courts generally consider "[j]urisdictional facts, such as the amount in controversy" based on allegations in the pleadings viewed at the time of removal. *Adam Devs. Enters., Inc. v. Arizon Structures Worldwide, LLC*, No. 13-cv-00261, 2013 WL 5532752, at \*2 (E.D.N.Y. Sept. 30, 2013) (quoting *Houston v. Scheno*, No. 06-cv-02901, 2007 WL 2230093, at \*3 n.3 (E.D.N.Y. July 31, 2007)).

At the time of removal, defendant has the burden of showing a "reasonable probability that the jurisdictional amount has been reached." *Ma v. United Rentals (N. Am.), Inc.*, 678 F. Supp. 3d 412, 414 (S.D.N.Y. 2023); *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Mere allegations of injuries "without any statement of damages" are insufficient to give rise to such a finding, *Cappuccilli v. Cokinos*, No. 24-cv-03045, 2024 WL 3013604, at \*2 (E.D.N.Y. June 14, 2024) (quoting *Ma*, 678 F. Supp. 3d at 416). Nonetheless, a *sum* claimed in good faith by a plaintiff can form the basis of federal diversity jurisdiction. *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 458 (S.D.N.Y. 2008) (quoting *Ocean Ships, Inc. v. Stiles*, 315 F.3d 111, 115 (2d Cir. 2002)).

## DISCUSSION

Defendant Schindler has demonstrated a reasonable probability that the amount in controversy exceeds $75,000. Although its Notice of Removal did not meet this standard, Schindler's reference to the First Disclosure did. Plaintiff's Second Disclosure and settlement authorization do not undermine that reasonable probability.

1. *Plaintiff's Complaint and Defendant's Notice of Removal*

At the time of removal, the Complaint and the Notice of Removal, whether considered together or separately,[5] would not have demonstrated a reasonable probability that the amount in controversy exceeded $75,000. These filings merely made or repeated boilerplate assertions about the extent of plaintiff's injuries and the existence of federal subject matter jurisdiction.

Plaintiff's complaint contains boilerplate allegations that many courts in this Circuit have found do not establish "that the amount in controversy suffices to support diversity jurisdiction." *De Garcia v. Tropicana Ent. Inc.*, No. 22-cv-00012, 2022 WL 375996, at *2 (E.D.N.Y. Feb. 8, 2022) (quoting *Palmer v. Schindler Elevator Corp.*, No. 17-cv-03619, 2017 WL 9511081, at *1 (E.D.N.Y. June 22, 2017)). For example, plaintiff only describes her injuries in broad, unspecific terms, such as "great physical pain and emotional upset," without providing any detail as to how these injuries have caused economic damage for which she seeks compensation from defendants. *See* Compl. ¶ 55. Generalized language such as this, without more, has repeatedly been found insufficient

---

[5]     To analyze whether the amount in controversy has been adequately alleged, courts typically first examine the complaint and then the notice of removal. *See, e.g.*, *Cappuccilli*, 2024 WL 3013604, at *2 (citing *Mehlenbacher*, 216 F.3d at 296). Because this Court finds that removal was inappropriate until exchange of the First Disclosure, it analyzes the Complaint and the Notice of Removal together.

to "intelligently ascertain removability" or otherwise satisfy "defendants' burden to establish the existence of federal jurisdiction." *See, e.g.*, *Bellocchio v. Enodis Corp.*, 499 F. Supp. 2d 254, 255–56 (E.D.N.Y. 2007) (remanding even where plaintiff alleged suffering "grave injuries and damages including . . . loss of [u]se of her left hand, wrist and arm … permanent loss of strength" and "nerve damage").

Schindler's Notice of Removal also attempts to allege that the amount in controversy requirement is met by quoting plaintiff's assertion that she had "been damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower courts which would otherwise have jurisdiction herein." Notice at 4; *see also* Compl. ¶ 61. But recitation of this jurisdictional language is not adequate to establish amount in controversy—in fact, it is language required under N.Y. C.P.L.R. § 325 to prevent removal to *lower* local courts. *See Vaghela-Omanoff v. Ryder Truck Rental, Inc.*, No. 19-cv-04390, 2019 WL 2193820, at *2 (S.D.N.Y. May 21, 2019) (finding an allegation that the damages amount "exceeds the jurisdictional limits of all lower Courts" was "obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $ 25,000)").

2. *First and Second Rule 26 Disclosures*

Despite the inadequacy of these initial allegations as to amount in controversy, plaintiff's First Disclosure corrected any deficiency in the Notice of Removal.[6] When "the

---

[6]     Because Schindler's jurisdictional defect was cured before Judge Henry issued her Order to Show Cause, remand is unnecessary. Where, as here, state court pleading rules do not require plaintiff to specify damages and plaintiff does not do so, this Court may give "significant weight" to later clarifications of the amount in controversy. *See Cavanagh v. Columbia Sussex Corp.*, No. 19-cv-02515, 2021 WL 4356042, at *2 (E.D.N.Y. Sept. 24, 2021) (discussing N.Y. C.P.L.R. § 3017(c)). This accords with settled law that, where a jurisdictional defect exists at some time prior to a district court's entry of

pleadings themselves are inconclusive as to the amount in controversy, courts may also consider evidence outside of a plaintiff's pleadings" in determining whether the amount in controversy requirement is sufficiently established. *Schumacher v. Sunrise Senior Living Mgmt., Inc.*, No. 19-cv-05744, 2021 WL 84284, at *3 (E.D.N.Y. Jan. 11, 2021) (quoting *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994)); *see also* 28 U.S.C. § 1446(c)(3)(A) (noting that, in diversity cases, if the "case stated by the initial pleading is not removable solely because the amount in controversy does not exceed" $75,000, "responses to discovery[] shall be treated as an 'other paper' under subsection (b)(3).").

Neither party disputes that plaintiff's First Disclosure alleged she had "suffered past pain and suffering damages . . . and reasonably believes her damages for pain and suffering totals $1,000,000." Def.'s Removal Ltr. 2. Plaintiff formed this estimate, which well exceeds the minimum amount in controversy, in compliance with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring a "computation of each category of damages claimed by" each party). This disclosure of plaintiff's estimated amount in controversy is sufficient to support removal. *Stiler v. Great N. Ins. Co.*, No. 07-cv-02236, 2008 WL 11517681, at *5 (S.D.N.Y. Jan. 2, 2008) (factoring Rule 26(a) disclosures into amount in controversy determination).

Furthermore, plaintiff's Second Disclosure, which merely "remove[d] any mention of a specific amount of monetary damages sought," does not eliminate the reasonable

---

judgment, the Court's judgment is still valid if the jurisdictional defect is cured *before final judgment is entered. Brown v. Eli Lilly & Co.*, 654 F.3d 347, 356–57 (2d Cir. 2011) (emphasis added) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61 (1996), in which the Supreme Court "held that a district court's error in failing to remand an improperly removed case was not fatal to the ensuing adjudication where federal jurisdiction existed when judgment was entered").

probability that the amount in controversy exceeds the jurisdictional threshold established by her First Disclosure. Pl.'s Removal Ltr. 2. This is especially true given the timing of the Second Disclosure and the narrow changes made—changes made after Judge Henry's Order to Show Cause. When a pleading is "amended or withdrawn, the superseded portion . . . still remains as a statement once seriously made by an authorized agent," that, even if made "without adequate information," goes to the admission's "weight, not to its admissibility." *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 299 n.15 (2d Cir. 2021); *see also* 28 U.S.C. § 1446(c)(3)(A). Neither party argues that plaintiff's Second Disclosure lent doubt to plaintiff's previous damage estimate or indicated a lower estimate of the amount in controversy.

3. *Plaintiff's Settlement Demand*

Furthermore, contrary to plaintiff's argument, her authorization "to extend an initial settlement demand of $50,000.00," Pl.'s Removal Ltr. 2, does not undermine the reasonable probability that the amount in controversy requirement is met. This is because (i) a plaintiff cannot deprive a federal court of jurisdiction by reducing her demand after the jurisdictional threshold has been satisfied, and (ii) a settlement offer is not necessarily representative of the amount in controversy and thus cannot overcome the reasonable probability established by plaintiff's First Disclosure.

A district court's jurisdiction, once established, is unaffected by post-removal reductions in the amount in controversy. *Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (citing *Purple Passion, Inc. v. RCN Telecom Servs., Inc.*, 406 F. Supp. 2d 245, 246–47 (S.D.N.Y. 2005)). Because nothing in the record suggests that plaintiff's First Disclosure was "made in bad faith" or that the "true value of [her] claim was to a 'legal

certainty'" less than $75,000, she cannot now change her position on the amount in controversy to "deprive the district court of jurisdiction that it properly possessed." *Id.*

In any event, even if plaintiff's authorized settlement offer "may be considered as evidence of the amount in controversy," it is unpersuasive evidence. *See Arter v. Pathmark Stores, Inc.*, No. 14-cv-06933, 2014 WL 7426792, at *2 (E.D.N.Y. Dec. 31, 2014). This is because a settlement offer "is not an accurate measure of the litigation value of a claim—and is often considerably lower" than the actual amount in controversy. *Vermande v. Hyundai Motor Am., Inc.*, 352 F. Supp. 2d 195, 203 (D. Conn. 2004).

Here, plaintiff's authorized offer was over $900,000 less than her Rule 26 damage calculation (shared just three weeks before her letter addressing federal subject matter jurisdiction). Def.'s Removal Ltr. 2; Pl.'s Removal Ltr. 2. Plaintiff provides no context regarding how she arrived at her $50,000 initial demand, or if it is a realistic estimation of the amount in controversy. Consequently, the offer does not disturb the Court's finding that Schindler established a reasonable probability that the amount in controversy exceeded $75,000. Accordingly, the Court declines plaintiff's invitation to remand this action based on her $50,000 settlement demand.

## CONCLUSION

For the reasons stated above, the Court is satisfied that defendants have met their

burden of establishing that this Court has subject matter jurisdiction over this matter.


**SO ORDERED.**


                                                    __/s/ Natasha C. Merle___
                                                    NATASHA C. MERLE
                                                    United States District Judge


Dated:        August 16, 2024
              Brooklyn, New York